IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**JOSE BOTELLO**, an individual,

          Plaintiff,

   v.

**CITY OF SALEM**, an Oregon municipality;
**MIKE GANDOLFI**, an individual,

          Defendants.

Case No. 6:20-cv-00358-MC

**OPINION AND ORDER**

**MCSHANE, Judge:**

     Plaintiff Jose Botello brings a claim against Defendants Mike Gandolfi and the City of Salem for racial discrimination pursuant to ORS 659A.030(1)(g) and 42 U.S.C. § 1983. Pl.'s Compl. ¶¶ 21–31, ECF No. 1. Defendants Mike Gandolfi and the City of Salem move to dismiss Plaintiff's claim with prejudice. Def.'s Mot. 2, ECF No. 12; Def.'s Mot. 2, ECF No. 13.[1] Plaintiff has failed to timely respond. For the reasons discussed below, Defendants' Motions to Dismiss (ECF Nos. 12 and 13) are GRANTED.

---

[1] The City joins in Mr. Gandolfi's Motion and adopts his arguments regarding the Oregon Tort Claims Act, aiding and abetting, and the First, Fifth, and Fourteenth Amendments. Def.'s Mot. 2, ECF No. 13. The Court, therefore, only refers to Mr. Gandolfi's Motion throughout this Opinion.

1 – OPINION AND ORDER

## BACKGROUND[2]

Plaintiff began working for the City as a Fleet Maintenance Technician in May 2005. Pl.'s Compl. ¶ 6. Mr. Gandolfi was Plaintiff's supervisor. *Id.* at ¶ 7. Plaintiff was the only Latino in his department. *Id.* at ¶ 8. Mr. Gandolfi insulted, embarrassed, and harassed Plaintiff alone and in front of his coworkers. *Id.* Mr. Gandolfi also scrutinized Plaintiff more closely. *Id.* at ¶ 9. Plaintiff's time-keeping practices were investigated while others with the same practices were not. *Id.* at ¶ 10. Mr. Gandolfi watched almost everything Plaintiff did, including timing his bathroom breaks. *Id.* On one occasion, Mr. Gandolfi told Plaintiff, "[A]fter lunch you can be Tom's bitch" in front of his co-workers. *Id.* at ¶ 11. On another occasion, Mr. Gandolfi read a work order out loud, indicating that Plaintiff could not read English. *Id.* at ¶ 12. Mr. Gandolfi regularly whistled at Plaintiff in front of others as if he were a dog. *Id.* at ¶ 13. Mr. Gandolfi did not do any of these things to Plaintiff's white coworkers. *Id.* at ¶ 14.

Plaintiff complained to human resources on September 20, 2018 that he was being treated differently because of his race. *Id.* at ¶ 15. Human resources did nothing. *Id.* Mr. Gandolfi continued to act inappropriately. *Id.* at ¶ 16. Plaintiff applied for a different City job in March 2019 and obtained a position that paid approximately $11.00 less than his previous job. *Id.* Plaintiff filed this Complaint on March 4, 2020. ECF No. 1. Defendants filed Motions to Dismiss on June 8. ECF Nos. 12 and 13. Plaintiff has failed to timely respond.[3]

## STANDARDS

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain

---

[2] At the motion to dismiss stage, this Court takes all of Plaintiffs' allegations as true. *See Burget v. Lokelani Bernice Pauahi Bishop Trust*, 200 F.3d 661, 663 (9th Cir. 2000).

[3] Because Plaintiff has failed to timely respond, Defendants' claims will be analyzed in light of the Complaint only.

sufficient factual matter that "state[s] a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when the factual allegations allow the court to infer the defendant's liability based on the alleged conduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). The factual allegations must present more than "the mere possibility of misconduct." *Id.* at 678.

When considering a motion to dismiss, the court must accept all allegations of material fact as true and construe those facts in the light most favorable to the non-movant. *Burget v. Lokelani Bernice Pauahi Bishop Trust*, 200 F.3d 661, 663 (9th Cir. 2000). However, the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. If the complaint is dismissed, leave to amend should be granted unless "the pleading could not possibly be cured by the allegation of other facts." *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995).

## **DISCUSSION**

Defendants move to dismiss Plaintiff's claims with prejudice, arguing that Plaintiff fails to state a claim upon which relief may be granted. Def.'s Mot. 2.

### **I. Aiding and Abetting**

Plaintiff alleges racial discrimination under ORS 659A.030. Pl.'s Compl. ¶¶ 21–25. Defendants argue that this claim should be dismissed for four reasons. *See* Def.'s Mot. 9–16.

### **A. Oregon Tort Claims Act**

Defendants argue that the Oregon Tort Claims Act ("OTCA") bars Plaintiff's claim for aiding and abetting under ORS 659A.030(1)(g). Def.'s Mot. 9–10. "Under the OTCA, the public body shall be substituted as the only defendant when a tort claim is brought against public

officials for actions taken within the scope of their employment." *Carlton v. Marion Cty.*, No. CV03-6202-AA, 2004 WL 1442598, at *5 (D. Or. Feb. 19, 2004) (citing ORS § 30.265(1)); *see* ORS § 30.265(2) ("The remedy provided by ORS 30.260 to 30.300 is exclusive of any other action against any such officer, employee or agent of a public body whose act or omission within the scope of the officer's, employee's or agent's employment or duties gives rise to the action. No other form of civil action is permitted.").

Here, Plaintiff alleges that Mr. Gandolfi acted in the course and scope of his employment. *See* Pl.'s Compl. ¶¶ 4, 5, 7. Therefore, Plaintiff cannot maintain an ORS 659A.030(1)(g) claim against Mr. Gandolfi. *See Vineyard v. Soto*, No. CIV. 10-1481-AC, 2011 WL 3705001, at *5 (D. Or. July 21, 2011), *report and recommendation adopted*, No. CIV. 3:10-1481-AC, 2011 WL 3704177 (D. Or. Aug. 22, 2011) (finding that a plaintiff could not maintain a torts claims against officers where the plaintiff did not allege that they acted outside the scope of their employment).

## B. Notice Requirement

Defendants argue that Plaintiff fails to allege compliance with the OTCA's notice requirements. Def.'s Mot. 10. ORS 30.275(1)–(2) requires a plaintiff to give notice within 180 days of the alleged loss or injury before bringing an OTCA claim. Generally, a plaintiff may remedy a failure to plead satisfaction of the notice requirement by repleading. *Snegirev v. Mark*, No. 03:10-CV-00762-AC, 2012 WL 566592, at *8 (D. Or. Jan. 31, 2012), *report and recommendation adopted*, 2012 WL 554414, at *1 (D. Or. Feb. 21, 2012) (*citing Georgeson v. State*, 75 Or. App. 213, 215–16 (1985)). Where the window to provide notice has long passed, however, a court may dismiss a state tort claim with prejudice for failure to provide notice. *See id.* at *8.

Here, Plaintiff has failed to allege that he abided by the OTCA's notice requirement. Plaintiff complained to human resources on September 20, 2018 and applied for a new job in March 2019. Pl.'s Compl. ¶¶ 15–16. Plaintiff filed his Complaint in March 2020. Plaintiff's window to provide notice has long passed. Therefore, amendment would be futile and the Court dismisses Plaintiff's state law claim with prejudice.

### C. Aiding and Abetting Oneself

Defendants argue that Plaintiff has failed to state a claim for aiding and abetting because he only alleges that Mr. Gandolfi discriminated against him. Def.'s Mot. 10–11. ORS 659A.030(1)(g) prohibits an employer or employee from aiding, abetting, inciting, compelling, or coercing "the doing of any of the acts forbidden under this chapter or [attempting] to do so." Plaintiff alleges that Mr. Gandolfi "participated in, condoned, aided, abetted, and/or incited the unlawful discrimination." Pl.'s Compl. ¶ 5. Yet Plaintiff alleges that only Mr. Gandolfi discriminated against Plaintiff and created a hostile work environment. *See id.* at ¶¶ 8–16.

One cannot aid and abet oneself. *See Hannan v. Business Journal Publ'ns, Inc.*, No. 3:14–cv–00831–SB, 2015 WL 9265959, at *18 (D. Or. Oct. 2, 2015) (finding that the primary actor in the alleged discrimination could not be liable for aiding and abetting); *White v. Amedisys Holding, LLC*, No. 3:12-CV-01773-ST, 2012 WL 7037317, at *5–6 (D. Or. Dec. 18, 2012), *findings and recommendation adopted*, No. 3:12–cv–01773–ST, 2013 WL 489674 (D. Or. Feb. 7, 2013) (explaining that an employee who is legally equivalent to the employer cannot be found liable for aiding and abetting because "the employee would be aiding and abetting himself or herself'").

5 – OPINION AND ORDER

Therefore, Plaintiff fails to sufficiently state a claim against Mr. Gandolfi for aiding and abetting.

**D. Underlying Action**

Finally, Defendants argue that Plaintiff fails to sufficiently allege employment discrimination under ORS 659A.030 against the City and, therefore, fails to state a claim for aiding and abetting. Def.'s Mot. 11–12. "The standard for establishing a prima facie case of discrimination under Oregon law is identical to that used in the federal law." *Snead v. Metro. Prop. & Cas. Ins. Co.*, 237 F.3d 1080, 1087 (9th Cir. 2001). To state a claim for race discrimination, a plaintiff must plead that she: (1) belongs to a protected class, (2) satisfactorily performed her job, (3) "suffered an adverse employment action;" and (4) was treated differently than similarly situated employees not part of her protected class. *Cornwell v. Electra Cent. Credit Union,* 439 F.3d 1018, 1028 (9th Cir. 2006).

Here, Plaintiff alleges that he applied for and obtained a different City job. Pl.'s Compl. ¶ 16. This is not an adverse employment action under ORS 659.030(1)(a)–(b), which prohibits an employer from discharging an employee because of their race or discriminating against them in compensation or "terms, conditions, or privileges of employment." Where a plaintiff was not discharged but voluntarily resigned, the plaintiff must show that she was constructively discharged. *Hernandez-Nolt v. Washington Cty.*, 283 Or. App. 633, 641 (2017). To state a claim for constructive discharge, a plaintiff must allege that:

> (1) [T]he employer intentionally created or intentionally maintained specified working condition(s); (2) those working conditions were so intolerable that a reasonable person in the employee's position would have resigned because of them; (3) the employer desired to cause the employee to leave employment as a result of those working conditions *or* knew that the employee was certain, or substantially certain, to leave

> employment as a result of those working conditions; and (4) the employee did leave the employment as a result of those working conditions.

*Id.* at 641 (citing *McGanty v. Staudenraus*, 321 Or. 532, 557 (1995)). "If an employee chooses to quit because of objectively *tolerable* working conditions, it cannot be fairly said that the employer has induced the employee to resign rather than be fired. Objectively tolerable working conditions simply are not an inducement to resign." *McGanty*, 321 Or. at 556 (quotations and citation omitted).

"Where a plaintiff fails to demonstrate the severe or pervasive harassment necessary to support a hostile work environment claim, it will be impossible for her to meet the higher standard of constructive discharge: conditions so intolerable that a reasonable person would leave the job." *Brooks v. City of San Mateo*, 229 F.3d 917, 930 (9th Cir. 2000). Courts determine "whether an environment is sufficiently hostile or abusive by looking at all the circumstances, including the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Faragher v. City of Boca Raton*, 524 U.S. 775, 787–88 (1998) (quotations and citations omitted). "Simple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the 'terms and conditions of employment.'" *Id.* at 788. "For example, the mere utterance of an ethnic or racial epithet which engenders offensive feelings in an employee is not, by itself, actionable under Title VII. To state a claim under Title VII, sexual harassment must be sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Ellison v. Brady*, 924 F.2d 872, 876 (9th Cir. 1991) (quotations and citations omitted).

7 – OPINION AND ORDER

Here, Plaintiff alleges that Mr. Gandolfi scrutinized him more closely than others, investigated his time-keeping practices, and watched him closely. Pl.'s Compl. ¶¶ 9–19. Plaintiff also alleges that Mr. Gandolfi said he could be someone's "bitch," read aloud to him as if he could not read English, and whistled at him. *Id.* at ¶¶ 11–13. Even taken together, these instances of increased oversight and offhand comments and jokes, even if inappropriate, do not rise to the level of an intolerable work environment.

For these reasons, Plaintiff's claim for aiding and abetting under ORS 659A.030 is dismissed.

**II. Section 1983**

**A. First, Fifth, and Fourteenth Amendments**

Plaintiff alleges that Defendants violated his First, Fifth, and Fourteenth Amendment rights. Pl.'s Compl. ¶¶ 26–31.

First, Plaintiff fails to allege what First Amendment right Defendants violated and how or when the violation occurred. *See* Pl.'s Compl. ¶ 27. Therefore, Plaintiff's First Amendment claim is dismissed. Second, Fifth Amendment claims against local governments are "plainly foreclosed by the Constitution" because "the Fifth Amendment's due process clause only applies to the federal government." *Bingue v. Prunchak*, 512 F.3d 1169, 1174 (9th Cir. 2008); *see also Santa Ana Police Officers Ass'n v. City of Santa Ana*, 723 F. App'x 399, 402 (9th Cir. 2018) (finding that the plaintiff's Fifth Amendment claim was barred because "the Fifth Amendment applies only to the federal government" and the federal government was not a defendant in that case); *Lee v. City of Los Angeles*, 250 F.3d 668, 687 (9th Cir. 2001) ("The Due Process Clause of the Fifth Amendment and the equal protection component thereof apply only to actions of the federal

government—not to those of state or local governments.") (citation omitted). Because Plaintiff has not named a federal defendant in his Complaint, his Fifth Amendment claim is dismissed.

Finally, Plaintiff alleges that Defendants violated his Fourteenth Amendment rights. Pl.'s Compl. ¶ 27. Defendants argue that Plaintiff has failed to state claims for due process or equal protection violations. Def.'s Mot. 18–21.

"[T]he procedural due process protections of the Fourteenth Amendment apply only to deprivations of property interests." *Palm v. Los Angeles Dep't of Water & Power*, 889 F.3d 1081, 1085 (9th Cir. 2018) (quoting *McGraw v. City of Huntington Beach*, 882 F.2d 384, 389 (9th Cir. 1989)). To prevail on a Fourteenth Amendment due process claim, a plaintiff must prove "(1) a property interest protected by the Constitution; (2) deprivation of the interest by the government; and a (3) lack of required process." *Larson v. Tillamook Youth Auth. Accountability Camp*, No. CV 05-1769-ST, 2007 WL 1080308, *17 (D. Or. Apr. 6, 2007) (quotations and citation omitted). For a public employee to sufficiently state a Fourteenth Amendment claim relating to her employment, she must allege a "property interest" in the terms and conditions of such employment. *Ulrich v. City & Cty. Of San Francisco*, 308 F.3d 968, 975 (9th Cir. 2002) (citing *Bd. of Regents v. Roth*, 408 U.S. 564, 577 (1972)). "That interest is established 'by existing rules or understandings that stem from an independent source such as state law—rules or understandings that secure certain benefits and that support claims of entitlement to those benefits.'" *Id.* (quoting *Bd. of Regents*, 408 U.S. at 577).

Here, Plaintiff alleges that "Defendants substantially burdened Plaintiff's right to due process by applying policies, customs, and practices that were vague and overbroad by vesting Defendants with unbridled discretion to punish Plaintiff without objective standards or

guidelines." Pl.'s Compl. ¶ 27(a). Yet Plaintiff has failed to allege a property interest in his employment. Plaintiff has also failed to allege a deprivation because he voluntarily resigned from his job and has not sufficiently alleged constructive discharge. *See Ulrich*, 308 F.3d at 974 (finding that where a public employee voluntarily resigns from her job, she cannot show that she was denied a property interest); *Larson*, 2007 WL 1080308, *17 (D. Or. Apr. 6, 2007) ("[A] showing that the plaintiff voluntarily resigned or the plaintiff's failure to allege facts sufficient to support a finding of constructive discharge is fatal to such a claim.") (citation omitted).

Plaintiff also alleges that Defendants deprived him of "his right to be free from discrimination on the basis of his race." Pl.'s Compl. ¶ 27(b). To state a claim for violation of the equal protection clause of the Fourteenth Amendment, "a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Barren v. Harrington*, 152 F.3d 1193, 1194–95 (9th Cir. 1998) (citations omitted). Discriminatory purpose means "more than intent as volition or intent as awareness of consequences." *Lee*, 250 F.3d at 687 (9th Cir. 2001). Rather, it means that the individual took the "course of action at least in part because of, not merely in spite of, its adverse effects upon an identifiable group." *Id.* (citations omitted).

Here, there was no deprivation, as explained above. Moreover, Plaintiff has failed to show that Mr. Gandolfi acted with discriminatory purpose or intent. Plaintiff alleges that Mr. Gandolfi scrutinized him more closely than others, investigated his time-keeping practices, watched him closely, said he could be someone's "bitch," read aloud to him mockingly, and whistled at him. Pl.'s Compl. ¶¶ 9–19. These allegations alone do not demonstrate that Mr. Gandolfi acted with racial animus.

Plaintiff's Fourteenth Amendment claims are dismissed.

### B. Mr. Gandolfi

Defendants argue that Plaintiff cannot sue Mr. Gandolfi in his official capacity. Def.'s Mot. 21–22. 42 U.S.C. § 1983 provides that:

> Every person who . . . subjects, or causes to be subjected, any . . . person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law.

"The term 'person' encompasses state and local officials sued in their individual capacities, private individuals and entities which acted under color of state law, and local governmental entities." *Stauffer v. City of Newberg*, No. 3:17-CV-01295-YY, 2020 WL 1861675, at *6 (D. Or. Mar. 20, 2020), *report and recommendation adopted*, No. 3:17-CV-01295-YY, 2020 WL 1855191 (D. Or. Apr. 13, 2020) (citation omitted). "[W]hen both an officer and the local government entity are named in a lawsuit and the officer is named in official capacity only, the officer is a redundant defendant and may be dismissed." *See id.*

Here, Plaintiff does not specify whether he is suing Mr. Gandolfi in his official or personal capacity. Plaintiff introduces Mr. Gandolfi as "an individual" in the case caption and the body of the Complaint. Pl.'s Compl. 1, ¶ 5. Plaintiff's allegations, however, indicate that he is suing Mr. Gandolfi in his official capacity. *See id.* at ¶¶ 4 ("The City employees named or referenced in this complaint acted under color of law. The City is responsible for the actions of its officers, employees, and agents acting within the scope of their employment or duties."), 5 ("At all material times, Gandolfi was an employee, agent, and officer of the City."), 7 ("At all times material to this complaint, Plaintiff was supervised by Gandolfi."), 28 ("The deprivation of Plaintiff's constitutional rights was pursuant to the official policies, practices, and/or customs of

11 – OPINION AND ORDER

Defendant, which are neither neutral nor of general applicability.). To the extent that Plaintiff is suing Mr. Gandolfi in his official capacity, Plaintiff's claims are dismissed.

Defendants also argue that Mr. Gandolfi in entitled to qualified immunity. Def.'s Mot. 22–24. Because Plaintiff's claims are dismissed for the above reasons, the Court does not reach qualified immunity.

## CONCLUSION

Defendants' Motions to Dismiss (ECF Nos. 12 and 13) are GRANTED. Plaintiff's claims are dismissed with prejudice.

IT IS SO ORDERED.

DATED this 31st day of July, 2020.

　　　　　　　　　　　　　　__s/Michael J. McShane_____
　　　　　　　　　　　　　　　　　**Michael J. McShane**
　　　　　　　　　　　　　　　**United States District Judge**